UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH GIANGRANDE and ORGANIC OUTPOST, INC. d/b/a JOE THE GROWER & ORGANIC OUTPOST,<br><br>Plaintiff,<br><br>-against-<br><br>DUTCHESS COUNTY, NY, et al.,<br><br>Defendants. | **ORDER**<br><br>25-CV-05080 (PMH) |

PHILIP M. HALPERN, United States District Judge:

On March 25, 2025, Joseph Giangrande ("Giangrande") and Organic Outpost, Inc. d/b/a Joe the Grower & Organic Outpost ("Organic Outpost, Inc." and together, "Plaintiffs") filed a lawsuit against Defendants in the Supreme Court of the State of New York, County of Dutchess (the "Underlying Action"). (*See* Doc. 1-1). Subsequently, on June 17, 2025, Defendants removed this action to this Court. (Doc. 1; Doc. 4). On July 24, 2025, Defendants filed pre-motion conference request letters in anticipation of their respective motions to dismiss. (*See* Doc. 9; Doc. 11; Doc. 12). On July 29, 2025, in response to Defendants' letters, Plaintiffs' counsel, Jimmy Miguel Santos ("Santos"), informed the Court that effective August 15, 2025, he would be suspended from the practice of law for one year, and therefore requested a thirty (30) day extension of time for Plaintiffs to file an Amended Complaint. (Doc. 13; Doc. 14). On July 30, 2025, the Court granted Plaintiffs' counsel's request, afforded Plaintiffs until August 28, 2025 to file an Amended Complaint, and denied the Defendants' respective letter motions (Docs. 9, 11, and 12), without prejudice to renew. (Doc. 15).

On August 27, 2025, Giangrande requested additional time to file the Amended Complaint (Doc. 16). The Court granted such relief on September 2, 2025, and directed Plaintiffs to "obtain

new counsel and file an amended complaint" by September 30, 2025. (Doc. 17). As of September 30, 2025, Plaintiffs had not filed an Amended Complaint or requested any additional time to do so. Therefore, on October 2, 2025, the Court *sua sponte* directed Plaintiffs to, by October 31, 2025, a) obtain new counsel; and b) file an Amended Complaint. (Doc. 18). The Court directed both Santos and the Clerk of Court to serve both Orders (Doc. 18 and Doc. 17) upon Plaintiffs at 1127 Route 216 Poughquag, NY 12570. (Doc. 18). The Court also warned that failure to comply with the Order may result in dismissal of the action. (*Id.*). On October 8, 2025, the Clerk of Court filed notice that Docs. 17 and 18 had been mailed to the address indicated above. (*See* 10/8/2025 ECF Entry). There has been no activity on the docket since then.

Despite his suspension from practice and notice to the Court, Santos has failed to formally withdraw from this action as counsel for Plaintiffs (*see* Doc. 13).[1] As Santos improperly remains counsel of record, having failed to move to be relieved and taking no steps to advance this action on Plaintiffs' behalf, the Court construes Santos' letter as an application to withdraw as counsel. (Doc. 13). Santos' application to withdraw as counsel is GRANTED. Accordingly, the Clerk of Court is respectfully directed to terminate as counsel in this action Jimmy Miguel Santos.

This action is hereby stayed for a period of thirty days to enable Plaintiffs to obtain substitute counsel. Plaintiff Organic Outpost, Inc., a corporation, must obtain representation through a licensed attorney to appear in this case, as it is well-settled that a "corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear *pro se*." *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Jones v. Niagara Frontier Transp. Authority*, 722

---

[1] The Court takes judicial notice of the Opinion & Order of the Appellate Division of the Supreme Court of the Second Judicial Department, dated July 16, 2025, suspending Jimmy Miguel Santos from the "practice of law for a period of one year, commencing August 15, 2025." *Matter of Santos*, 238 N.Y.S.3d 317, 320 (2d Dep't 2025).

F.2d 20, 22–23 (2d Cir. 1983). This "rule has been applied to dismiss any action or motion filed by a corporation purporting to act *pro se*." *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). Organic Outpost, Inc. is warned that unless it cures this defect and appears through counsel by December 31, 2025, it will be dismissed as a named plaintiff, along with any of the claims pursued on its behalf. *Steadman v. Citigroup Global Markets Holdings Inc.*, 592 F. Supp. 3d 230, 239-40 (S.D.N.Y. 2022).

Additionally, by December 31, 2025, Giangrande is directed to either: a) retain counsel and have counsel file a notice of appearance in this matter; or b) advise the Court in writing of his intent to proceed in this action *pro se* and provide the Court his correct current mailing address. Giangrande's failure to comply with this Order, including advising the Court of his address, may result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiffs at 1127 Route 216 Poughquag, NY 12570 and note service on the docket. Jimmy Miguel Santos, as outgoing counsel, is also directed to mail a copy of this Order to Plaintiffs at the same address listed above and note service on the docket.

SO ORDERED.

Dated:   White Plains, New York
         December 2, 2025

_____
PHILIP M. HALPERN
United States District Judge

3