UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GIANGRANDE and ORGANIC
OUTPOST, INC. d/b/a JOE THE GROWER &
ORGANIC OUTPOST,

     Petitioner,

   -against-

DUTCHESS COUNTY, NY, et al.,

     Respondents.

**ORDER**

25-CV-05080 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 25, 2025, Joseph Giangrande ("Giangrande") and Organic Outpost, Inc. d/b/a Joe the Grower & Organic Outpost ("Organic Outpost, Inc." and together, "Plaintiffs") filed a lawsuit against Defendants in the Supreme Court of the State of New York, County of Dutchess (the "Underlying Action"). (*See* Doc. 1-1). Subsequently, on June 17, 2025, Defendants removed this action to this Court. (Doc. 1; Doc. 4). On July 29, 2025, Plaintiffs' counsel, Jimmy Miguel Santos ("Santos"), informed the Court that effective August 15, 2025, he would be suspended from the practice of law for one year, and therefore requested a thirty (30) day extension of time for Plaintiffs to file an Amended Complaint, which the Court granted on July 30, 2025. (Doc. 13; Doc. 14; Doc. 15).

On August 27, 2025, Giangrande requested additional time to file the Amended Complaint (Doc. 16). The Court granted the requested relief on September 2, 2025, and directed Plaintiffs to "obtain new counsel and file an amended complaint" by September 30, 2025. (Doc. 17). As of September 30, 2025, Plaintiffs had not filed an Amended Complaint or requested any additional time to do so. Therefore, on October 2, 2025, the Court *sua sponte* directed Plaintiffs to, by October 31, 2025: a) obtain new counsel; and b) file an Amended Complaint. (Doc. 18, the "October 2 Order"). The Court directed Santos and the Clerk of Court to serve both Orders (Doc. 18 and Doc.

1

17) upon Plaintiffs at 1127 Route 216 Poughquag, NY 12570. (Doc. 18). The Court also warned that failure to comply with the October 2 Order may result in dismissal of the action. (*Id.*). On October 8, 2025, the Clerk of Court filed notice that Docs. 17 and 18 had been mailed to the address indicated above. (*See* 10/8/2025 ECF Entry).

As of December 2, 2025, Santos had not formally withdrawn from this action as counsel for Plaintiffs (*see* Doc. 13). Accordingly, by Order dated December 2, 2025, the Court construed Santos' letter (Doc. 13) as an application to withdraw as counsel and granted the application. (*See* Doc. 19, the "December 2 Order"). The Court stayed this action for a period of thirty days to enable Plaintiffs to obtain substitute counsel, warning Plaintiff Organic Outpost, Inc. that its failure to obtain counsel by December 31, 2025 would result in its dismissal as a "named plaintiff, along with any of the claims pursued on its behalf," as a corporation cannot proceed *pro se*. (*Id.*). The Court also directed Giangrande, by December 31, 2025, to either: a) retain counsel and have counsel file a notice of appearance in this matter; or b) advise the Court in writing of his intent to proceed in this action *pro se* and provide the Court his correct current mailing address. (*Id.*). The Court warned Giangrande that failure to comply with its Order may result in dismissal of the action pursuant to Fed. R. Civ. P. 41(b). (*Id.*). Plaintiffs failed to respond to the December 2 Order.

Accordingly, on January 30, 2026, the Court terminated Plaintiff Organic Outpost, Inc. from this action, along with any of the claims pursued solely on its behalf, for failure to comply with the Court's December 2, 2025 Order (Doc. 19). (*See* Doc. 20, the "January 30, 2026 Order"). Additionally, on January 30, 2026, the Court directed Giangrande to show cause why this action should not be dismissed without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). (*Id.*). The Court warned that the action would result in dismissal unless, by March 2, 2026, Giangrande was able to show cause in writing for his failure to comply with the October 2 Order and December 2 Order. (*Id.*). Giangrande did not respond to the Order to Show Cause,

there has been no activity on the docket since then, and Giangrande has not otherwise communicated with the Court in any way.

**STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-04000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Second Circuit has directed district courts to consider five factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in

3

receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

## ANALYSIS

The Court finds that dismissal of Giangrande's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Giangrande has failed to communicate with the Court since August 2025. Giangrande was directed on October 2, 2025 to "obtain new counsel and file an amended complaint" by October 31, 2025. (Doc. 18). Giangrande failed to respond. On December 2, 2025, the Court directed Giangrande, by December 31, 2025, to either: "a) retain counsel and have counsel file a notice of appearance in this matter; or b) advise the Court in writing of his intent to proceed in this action *pro se* and provide the Court his correct current mailing address." (Doc. 19). Giangrande again failed to respond.

On January 30, 2026, Giangrande was directed to show good cause in writing for his failure to comply with the Court's prior Orders. (Doc. 20). No response has been filed to date. Indeed, Giangrande has not contacted the Court since filing a Letter Motion for Extension of Time to Amend on August 27, 2025, which the Court granted on September 2, 2025. (Docs. 16, 17). Giangrande also failed to comply with the Court's September 2, 2025 Order. (*See* Doc. 18). Plaintiff's failure to comply with the Court's directives over seven months is sufficient to support dismissal. *See, e.g., Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848,

4

at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned, on multiple occasions, that failure to comply with the Court's directives could result in dismissal of this action. The October 2 Order warned that "[f]ailure to comply with this Order may result in dismissal of this action." (Doc. 18). The December 2 Order also warned that Plaintiff's failure to comply "may result in dismissal of this action pursuant to Fed. R. Civ. P. 41(b)." (Doc. 19). Finally, the January 30, 2026 Order warned that Giangrande's failure to "show good cause in writing for his failure to comply with the Court's October 2, 2025 and December 2, 2025 Orders" would result in the action being "dismissed without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b)." (Doc. 20).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Giangrande has not complied with the Court's directives and has not taken any steps to advance this matter against Defendants for approximately seven months.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since the Complaint was filed in March 2025, the Court has issued multiple directives pressing Giangrande to file an amended complaint, procure counsel and/or write the Court to advise of his *pro se* status and update his current address with the Clerk of Court. These directives included three orders which explicitly warned that the action would be dismissed for failure to comply. Giangrande has not complied with those directives or otherwise

communicated with the Court in any way, and the Court has no reason to believe that he intends to pursue this action against Defendants any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-03707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated: White Plains, New York
      March 27, 2026

_____
Hon. Philip M. Halpern
United States District Judge

6